MARY MURPHY *against* CHARLES KAILE.

(Decided December 6th, 1875.)

The plaintiff having executed an irrevocable power of attorney to her attorney of record in a suit to compromise, receive and give receipts for whatever sum such attorney might deem just for such cause of action, afterwards, without the knowledge of her attorney, settled the action with the defendant, and received, in part settlement, a due bill for $50. The defendant thereafter, on being informed of the existence of this power of attorney, paid the attorney $50 for his costs, in order to procure his consent to a discontinuance of the action: *Held*, that this was not payment of the due bill, and was no defense to an action on it.

APPEAL from judgment of Third District Court in favor of defendant. The facts are stated in the opinion.

JOSEPH F. DALY, J.—Action upon due bill for $50, dated Sept. 26, 1874, payable Oct. 3d, 1874, made by defendant to plaintiff. Defense, payment. Mary Murphy had commenced an action against defendant to recover damages for personal injuries, and she had executed an irrevocable power of attorney to Charles S. Spencer to compromise, receive and give receipts for whatever sum said attorney might deem just for said cause of action. This instrument was dated Sept. 25, 1874. The defendant and plaintiff met the next day and settled the action for $100, defendant paying $50 in cash, giving the due bill in suit, and taking a release. Mr. Spencer, hearing of this settlement, served defendant with a copy of his power of attorney; defendant called on him to procure a discontinuance of the action, which Spencer refused to give unless his costs were paid, and thereupon defendant paid Spencer $50. This payment to Spencer is claimed by defendant to be payment of the due bill. There is no foundation for such a claim; it was a voluntary payment of costs over and above the amount of the original settlement, upon the undisputed testimony. There is conflict between plaintiff and defendant as to whether defendant, on their settlement, agreed to pay the costs, but there is no conflict on

the point sworn to by Mr. Spencer, that defendant paid him the $50 upon his refusal to discontinue unless his costs were paid.

Judgment must be reversed, so that plaintiff may commence a new action.

CHARLES P. DALY, Ch. J., and LOEW, J., concurred.

Judgment reversed.